# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH A. JACKSON,<br><br>Petitioner,<br><br>v.<br><br>ROBERT NEUSCHMID,<br><br>Respondent. | Case No. 1:19-cv-00357-LJO-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 12) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

On May 8, 2014, Petitioner was convicted after a jury trial in the Madera County Superior Court of multiple counts of arson, conspiracy to commit arson, battery on a peace officer, and resisting arrest. Petitioner was sentenced to an aggregate imprisonment term of thirty years and eight months. (LDs[1] 1, 2). On July 17, 2018, the California Court of Appeal, Fifth Appellate District affirmed Petitioner's convictions for conspiracy to commit arson, battery on a peace officer, resisting arrest, and arson on counts 9, 10, 21–31. The California Court of Appeal reversed Petitioner's convictions for arson on counts 5, 6, 11, 13–16, and 19 based on insufficient evidence and remanded the matter back to the trial court for resentencing. (LD 2).

---
[1] "LD" refers to the documents electronically lodged by Respondent on June 26, 2019. (ECF No. 14).

1

On October 24, 2018, the California Supreme Court denied Petitioner's petition for review. People v. Jackson, No. S250471 (Cal. Oct. 24, 2018).[2]

On March 29, 2019, Petitioner was resentenced to an imprisonment term of twenty years. (LD 3). On April 4, 2019, Petitioner filed a notice of appeal. (LD 4). Petitioner's appeal is currently pending in the California Court of Appeal, Fifth Appellate District. People v. Jackson, No. F079129 (Cal. Ct. App. filed Apr. 4, 2019).[3]

Meanwhile on March 18, 2019, Petitioner filed the instant federal petition for writ of habeas corpus. (ECF No. 1). On May 31, 2019, Respondent filed a motion to dismiss the petition pursuant to Younger v. Harris, 401 U.S. 37 (1971), based on Petitioner's ongoing state criminal appeal. (ECF No. 12). Petitioner filed an opposition, and Respondent filed a reply. (ECF Nos. 13, 15).

## II.

## DISCUSSION

"Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1091 (9th Cir. 2008). In Younger, the Supreme Court held that when there is a pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution. Younger, 401 U.S. at 41; Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72 (2013). See also Kowalski v. Tesmer, 543 U.S. 125, 133 (2004) ("The doctrine of Younger v. Harris . . . reinforces our federal scheme by preventing a state criminal defendant from asserting ancillary challenges to ongoing state criminal procedures in federal court.").

Petitioner argues that this Court should review the constitutionality of his convictions because the ongoing state proceedings only concern his sentence. (ECF No. 13 at 2). Petitioner

---

[2] Appellate Case Information, California Courts, http://appellatecases.courtinfo.ca.gov (search by "Case Number" for "S250471") (last visited Aug. 19, 2019). See Fed. R. Evid. 201(b)(2); U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979)); Worthy v. Hartley, No. 1:09-cv-01867-JLT HC, 2010 WL 1339215, *3 n.2 (E.D. Cal. Apr. 2, 2010) ("[T]he internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.").

[3] Appellate Case Information, California Courts, http://appellatecases.courtinfo.ca.gov (search by "Case Number" for "F079129") (last visited Aug. 19, 2019).

2

also claims that he continues to suffer irreparable harm from the lengthy appeals process. (Id. at 3).

"The Supreme Court has held that *Younger* abstention applies to prevent federal intervention in a state judicial proceeding in which a losing litigant has not exhausted his state appellate remedies." Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994) (citing Huffman v. Pursue, Ltd., 420 U.S. 592, 607–11 (1975)). See Henderson v. Johnson, 710 F.3d 872, 874 (9th Cir. 2013) (A "district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending." (citing Sherwood v. Thompkins, 716 F.2d 632, 634 (9th Cir. 1983))). However, "[f]ederal courts will not abstain under *Younger* in 'extraordinary circumstances where irreparable injury can be shown.'" Page v. King, No. 17-16364, 2019 WL 3520617, at *4 (9th Cir. Aug. 2, 2019) (quoting Brown v. Ahern, 676 F.3d 899, 903 (9th Cir. 2012)). Although the Ninth Circuit has "in rare cases declined to abstain where the state court delay was extreme and there was 'no end in sight' to the state court proceedings," the Ninth Circuit has recognized that "*Younger* abstention is appropriate even in cases of extreme delay where there is 'no indication that the state court has been ineffective,' and where the delay is instead 'attributable to the petitioner's quite legitimate efforts in state court to escape guilt' through litigation." Page, 2019 WL 3520617, at *4 (quoting Phillips v. Vasquez, 56 F.3d 1030, 1035, 1038 (9th Cir. 1995); Edelbacher v. Calderon, 160 F.3d 582, 586, 585 (9th Cir. 1998)).

Here, Petitioner currently has an appeal pending in the California Court of Appeal, Fifth Appellate District. People v. Jackson, No. F079129 (Cal. Ct. App. filed Apr. 4, 2019). The delay in Petitioner's case has not been extreme and "actually had its source in the various quite legitimate and proper appeals and rehearings which [Petitioner] sought and obtained." Edelbacher, 160 F.3d at 587. "When there is a pending state penalty retrial and no unusual circumstances, we decline to depart from the general rule that a petitioner must await the outcome of the state proceedings before commencing his federal habeas corpus action." Id. at 582–83. Accordingly, Petitioner has failed to establish that the delay is an extraordinary circumstance under Younger.

///

As Petitioner has an ongoing criminal proceeding in state court, the Court should abstain from interfering with the state judicial process pursuant to <u>Younger</u>, and the petition should be dismissed.

### III.
### RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the petition be DISMISSED without prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**August 19, 2019**__

UNITED STATES MAGISTRATE JUDGE